United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 16, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————

No. 05-50570
Summary Calendar

———————

UNITED STATES OF AMERICA,

                Plaintiff-Appellee,

v.

RICARDO MONTANO-LARA,

                Defendant-Appellant.

———————

Appeal from the United States District Court
for the Western District of Texas
No. 2:04-CR-698-ALL-WWJ

———————

Before JOLLY, DAVIS and OWEN, Circuit Judges.

PER CURIAM:[*]

      Ricardo Montano-Lara appeals from his guilty-plea conviction for illegal reentry into the

United States. He argues that the district court misunderstood its sentencing discretion under United

States v. Booker, 543 U.S. 220 (2005). He concedes that, because he failed to object on this basis

in district court, this issue is reviewed only for plain error. Examination of the sentencing transcript

does not indicate that the district court failed to recognize its proper role in the post-Booker

sentencing scheme. Accordingly, Montano-Lara has not shown plain error on this basis.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Montano-Lara's constitutional challenge is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998). Although Montano-Lara contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding. <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005). Montano-Lara properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

Accordingly, the district court's judgment is AFFIRMED.